UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA POOLE,

    Plaintiff,

v.

                              Case No:

PACESETTER PERSONNEL SERVICE, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, PAMELA POOLE ("Plaintiff"), hereby sues Defendant, PACESETTER PERSONNEL SERVICE, INC. ("Defendant"), and states as follows:

**INTRODUCTION**

1.      This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA"), to recover unpaid overtime compensation owed to Plaintiff.

2.      Pursuant to § 216(b) of the FLSA, Plaintiff seeks overtime compensation, liquidated damages, and attorneys' fees and costs from Defendant for its willful violations of the overtime provisions of the FLSA.

**JURISDICTION, VENUE AND PARTIES**

3.      This Court has original jurisdiction over Plaintiff's claims arising under the FLSA pursuant to 28 U.S.C. § 1331.

4.      Venue is appropriate in the United States District Court for the Middle

District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Hillsborough County, Florida.

5. Defendant conducts business in Hillsborough County, Florida and is subject to the requirements of the FLSA.

6. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

7. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A) in that it (a) has employees engaged in commerce or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (2) has an annual gross volume of sales made or business done that is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## **GENERAL ALLEGATIONS**

8. Defendant employed Plaintiff.

9. Defendant paid Plaintiff on an hourly basis.

10. Plaintiff was not "exempt" from the overtime provisions of the FLSA.

11. Plaintiff regularly worked in excess of forty (40) hours a workweek while employed by Defendant.

12. Despite regularly working in excess of forty (40) hours a workweek, Plaintiff was not paid overtime compensation for such hours as required by the FLSA.

13. Plaintiff has retained the services of Shankman, Leone & Westerman, P.A. and are obligated to pay her legal counsel a reasonable fee for their services.

## COUNT I

**(Violations of the Overtime Requirements of the FLSA)**

14. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 13 as if fully restated herein.

15. Defendant's failure to pay Plaintiff overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of § 207 of the FLSA.

16. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court to issue an Order awarding damages in the amount of the unpaid overtime compensation owed to her, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

SHANKMAN, LEONE & WESTERMAN, P.A.

_____
Matthew D. Westerman
Florida Bar No. 0175404
mwesterman@slw-law.com
609 E. Jackson Street, Suite 100
Tampa, Florida 33602
Phone: (813) 223-1099
Fax: (813) 223-1055
Attorney for Plaintiff